UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY No.: 17-50429

Jean Frances Ball,

Debtor.

-------------------------------------------------

## NOTICE OF HEARING AND OBJECTION TO
## CONFIRMATION OF CHAPTER 13 PLAN
## AND MOTION TO DISMISS

Kyle L. Carlson, Chapter 13 trustee, by and through his undersigned attorney, hereby objects to confirmation of the Chapter 13 plan filed by the Debtor and requests that the case be dismissed.

1. The Court will hold a hearing on this motion at 9:00 a.m. on September 18, 2017, in Courtroom 2, United States Courthouse, 4th Floor, 515 West First Street, Duluth, Minnesota.

2. Any response to this motion must be filed and served not later than September 13, 2017, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3. Kyle L. Carlson is the Chapter 13 trustee ("Trustee") of the Debtor in the above-referenced bankruptcy case. This case is pending before this Court.

4. This Court has jurisdiction over this matter under 28 U.S.C. Sections 157 and 1334. This objection is brought pursuant to 11 U.S.C. §1307, 1324 and 1325, Bankruptcy Rule 3015 and Local Rule 3015. This matter is a core proceeding.

5. The Debtor commenced this case by filing a voluntary Chapter 13 on June 28, 2017. Debtor filed a Chapter 13 plan on July 10, 2017. That plan provides monthly payments starting at $1,500 per month for a total of 336 months. The plan is not clear but it does not appear to pay anything to unsecured creditors who total $57,000.

6. Trustee objects to confirmation of the plan on the basis that Debtor proposes to make payments for a period of 28 years. A plan cannot be confirmed that provides for payments over a period of that is longer than 60 months or 5 years.

7. Trustee objects to confirmation of the plan on the basis that the plan is not feasible as filed. Debtor in Schedule I lists monthly income of $600 of rent and $300 of spousal support for a total of $900 per month. Debtor lists expenses of $1,930 per month on Schedule J. As a result it appears that debtor does not have the disposable income to fund the plan and it is not feasible.

8. Debtor testified at the meeting of creditors that she also received $500 per month for a rental of a room in the homestead and $400 per month from employment with Range Transportation. Debtor needs to amend her schedules to properly disclose her income so that the Court can determine if the plan is feasible.

9. Debtor lists in her schedules that she owns rental property that is secured by mortgages held by Tim Horn and Gerald Anderson, and a mobile home that is secured by a lien held by Jennifer Ball. The schedules do not disclose the amount of the monthly payments to these creditors. Further, the plan proposed by debtor should state how these claims will be treated.

10. Debtor has failed to make any plan payments under this plan. The Bankruptcy Code and the plan specifically provide that a debtor shall commence making payments not later than 30 days after the filing of the plan or the order for relief, whichever comes first. Trustee contends that this constitutes cause for dismissal of the case.

11. Trustee further objects on the basis that Debtor is projected to be receiving tax refunds during the plan period. These tax refunds are income that would be used to calculate disposable income. Debtor should include a provision in paragraph 13 that provides
"The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments. ".

12. Trustee further objects on the basis that Debtor has no provision for payment of trustee fees in the plan. The plan should provide sufficient funds to pay 10 percent to the trustee to compensate him for the administration of the plan.

13. Trustee further notes that debtor has not provided him with bank statements for each open account as of the date of the filing. Further debtor has failed to list and give notice to Wisconsin Title Loan Co and RCB Collections. Debtor needs to rectify these issues before the plan is confirmed.

14. For the forgoing reasons the Trustee contends that this case was filed in bad faith. As a result the case should be dismissed

**WHEREFORE**, Kyle L. Carlson requests an order as follows:

(A)   Denying confirmation of the Chapter 13 plan;

(B)   Dismissing the Chapter 13 case; and

(C)   Granting any other relief the Court deems just and proper.

|  |  |
|---|---|
| Dated: August 24, 2017. | Hedback, Arendt & Carlson, PLLC<br>____/e/ John A. Hedback____<br>John A. Hedback, #142438<br>Attorney for Chapter 13 Trustee<br>2855 Anthony Lane South, Suite 201<br>St. Anthony, MN  55418<br>(612) 436-3280<br>Attorneys for the Movant |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY No.: 17-50429

Jean Frances Ball,

Debtor.

**VERIFICATION**

The Trustee verifies under penalty of perjury that the information contained in the foregoing motion is true and correct to the best of the Trustee's knowledge, information and belief.

Dated: August 24, 2017.                              /e/ Kyle L. Carlson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Jean Frances Ball,

BKY No.:  17-50429

**MEMORANDUM**

Debtor.

-------------------------------------------------

      Kyle L. Carlson, Chapter 13 Trustee, (Trustee) hereby submit its memorandum of fact and law in support of its Objection to Confirmation (Motion).

## I.    STATEMENT OF FACTS

      The facts supporting the Objection to Confirmation are set forth in the attached verified motion. In addition, Trustee also relies on the representations made by Debtor in its verified Schedules on file and of record herein.

## II.  STATEMENT OF LAW AND ARGUMENT

      Section 1324 provides that a party in interest may object to confirmation of a plan.  A Chapter 13 trustee would be such a party in interest.

      Section 1325 provides that the Court shall confirm a plan if it meets certain requirements.

      Section 1322(d) provides that a plan may not provide for payments of more than 5 years. Debtor's plan provides for payments lasting 28 years.

      Section 1325(a)(6) provides that the Court shall confirm the plan if the debtor will be able to make all payments under the plan and comply with the plan. Due to the fact that Debtor does not appear to have any disposable income, Trustee contends that Debtor cannot meet the requirements of this section.

      Section 1325(b)(1) provides that if an objection is filed by an unsecured creditor or the Chapter 13 trustee, the Debtor's plan must either pay unsecured creditors in full or provide for payment of all of Debtor's projected disposable income for the applicable commitment period. The applicable commitment period defined to be 3 years if the Debtor's current monthly income is less than median income for a household of the same size, unless the unsecured creditors are being paid in full. If the Debtor's household income exceeds the current monthly income then the applicable commitment period is 5 years. Disposable income is all income which is "not reasonably necessary to be expended… for the maintenance or support of the debtor or a dependant of a debtor…" (Section 1325(b)(2)(B)). Disposable income includes tax refunds.

Section 1326(a) requires that a debtor shall commence making payments not later than 30 days after the filing of the plan or the order for relief, whichever comes first. Under Section 301 the filing of a voluntary petition results in an order for relief being entered. Debtor has not complied with this provision.

Under Section 1326(b)(2) there is to be paid from the plan payments the fee to the trustee to compensate him for his services, set at ten percent of funds paid into the plan. Although the trustee's fee is currently set at less than ten percent, the percentage fee changes yearly and may rise at any time to ten percent.  See 28 U.S.C. § 586(e)(1)(B).

Section 1325(a)(3) requires that the plan be proposed in good faith. Good faith is based upon the totality of the circumstances. *In re Molitor* 76 F.3rd 218, 220-221 (8th Cir. 1996) (citing *In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir. 1990). Trustee contends that due to the numerous issues cited in the objections this plan was not proposed in good faith.

Section 1307(c) provides that the Court, after notice and a hearing may convert this case to one under Chapter 7 or dismiss it for cause. Cause includes denial of confirmation of a plan and for filing in bad faith.

Hedback, Arendt & Carlson, PLLC

Dated: August 24, 2017.      ____/e/ John A. Hedback____
John A. Hedback, #142438
2855 Anthony Lane South, Suite 201
St. Anthony, MN  55418
(612) 436-3280
Attorneys for Movant

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY No.: 17-50429

Jean Frances Ball,

**UNSWORN DECLARATION FOR**
Debtor.                    **PROOF OF SERVICE**

------------------------------------------------

      The undersigned, being an employee of Hedback, Arendt & Carlson, PLLC, attorneys licensed to practice law in this Court, with office address of 2855 Anthony Lane, St. Anthony, MN 55418, declares that on the date below, I served the following:

1. Notice of Hearing and Objection to Confirmation of Modified Chapter 13 Plan and Motion to Dismiss;
2. Verification;
3. Memorandum;
4. Unsworn Declaration for Proof of Service; and
5. Proposed Order.

upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at St. Anthony, MN addressed to each of them as follows:

Jean Frances Ball
515 East Tenth Street
Duluth, MN 55805

and I certify under penalty of perjury, that the foregoing is true and correct.

Dated: August 24, 2017.                    ____/e/ John A. Hedback____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY No.: 17-50429

Jean Frances Ball,

**ORDER**

Debtor.

-------------------------------------------------

This case came before the Court on the confirmation of the Debtor's Chapter 13 plan. An objection to confirmation has been filed by Kyle L. Carlson, Chapter 13 Trustee. Appearances were noted on the record. Based on the file, record and proceedings herein,

**IT IS ORDERED**:

1. Confirmation of the Debtor's Chapter 13 plan is denied.

2. The Chapter 13 case is dismissed.

BY THE COURT

Dated: _____

Robert J. Kressel
United States Bankruptcy Judge